NOTICE
Decision filed 11/04/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250612-U

NO. 5-25-0612

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 25-CF-153 |
| | ) | |
| GABRIEL W. ELLINGER, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE McHANEY delivered the judgment of the court.
Justices Barberis and Hackett concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court's orders granting the State's verified petition to deny pretrial release and denying the defendant's motion for relief are affirmed.

¶ 2    The defendant, Gabriel W. Ellinger, appeals the July 22, 2025, order from the trial court of Jefferson County that granted the State's petition to deny pretrial release and the July 30, 2025, denial of his motion for relief and immediate release. The defendant filed a timely notice of appeal, and the Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. OSAD filed a notice in lieu of a Rule 604(h)(7) memorandum. We acknowledge that the defendant is not required to file a memorandum, and the motion for relief will represent the defendant's argument on appeal. The defendant's motion for relief argues that the State did not meet its burden in showing that the defendant committed a qualifying offense, that the defendant posed a real and

1

present threat to specific persons or the community, and that no conditions or combination of conditions could mitigate that threat. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4       On July 21, 2025, the defendant was charged with residential burglary, a Class 1 felony. 720 ILCS 5/19-3(a) (West 2024). On the same day, the State filed a verified petition to deny the defendant pretrial release. The petition alleged that the defendant committed a forcible felony, and that he poses a real and present threat to the safety of any person or persons or the community.

¶ 5       On July 22, 2025, the trial court held a hearing on the State's petition. During the hearing, the defendant was also present for another pending case, Jefferson County case 24-CF-182. The State then called Officer Mike Wilson of the Mt. Vernon Police Department (MVPD) to testify. Officer Wilson testified that at approximately 9:59 a.m. on July 20, 2025, Kaitlyn Ramsey called to report a white male wearing a dark hood and mask in the downstairs of her home. Ramsey observed the man throwing Milwaukee tools that belonged to her over the fence in her backyard. The items were located in an attached mudroom to her home. She attempted to confront the man, but he took off on foot.

¶ 6       Officer Wilson testified that the MVPD search did not immediately locate the defendant, so they began asking neighbors if they had seen anything. One of the witnesses stated that he saw a man matching that description and recalled that the man had very recognizable facial tattoos. Another officer recalled that the defendant matched that description and was commonly in the area because the mother of his child, Abigail Beahringer, lived nearby. The officers learned that a phone number typically belonging to Beahringer called 911 after the burglary call, but the caller did not say anything. The 911 department followed up with the caller, and Beahringer said that the defendant was having a seizure, so she called, but he told her to hang up and then left the residence.

2

Law enforcement officers then went to the area where Beahringer said he had walked, and there they saw a man generally fitting his description. The man was holding a black hoodie when Captain Wilton of the Jefferson County Sheriff's Office saw him. When the man saw law enforcement, he jumped a fence, dropped the hoodie he was carrying, and attempted to flee on foot. Captain Wilton then detained him.

¶ 7       Officer Wilson said that he located the black hoodie the man was holding, which had a lot of white and gray writing on it. Officer Wilson reviewed nearby security footage, which showed the same clothing described by Ramsey, which the defendant was wearing when Captain Wilton detained him. The security footage showed the defendant in the backyard of the residence, dropping things over the fence, and Ramsey approaching the defendant before he picks up the items. The defendant then leaves as she approaches. Ramsey positively identified the defendant as the man who burglarized her home from a photo lineup.

¶ 8       The defendant was later interviewed, and he said that he was at Beahringer's house to take care of his son, but he never left the residence. Officers interviewed Beahringer, and she stated that the defendant was at her home, but he came and went from the residence. Further, when she called 911, the defendant had just arrived back at the residence after walking on foot.

¶ 9       On cross-examination, Officer Wilson stated that Ramsey did not directly see the defendant enter the door of her home from her vantage point, but she saw him approach the house and then saw him holding items from her house. He also testified that the defendant maintained his innocence during the interview. On redirect examination, Officer Wilson stated that Ramsey heard someone in her house, which is what prompted her to look outside and see the man.

¶ 10     The State called no further witnesses and then proceeded by proffer. The State asked the trial court to note that at the time of this offense, the defendant was placed on pretrial release

3

conditions in case 24-CF-182. The trial court heard probable cause for another case for the defendant during this hearing, Jefferson County case No. 25-MT-317, when he was cited with a reckless driving ticket the day before the burglary. The State proffered the defendant's criminal history, including juvenile cases for armed violence, aggravated unlawful use of a weapon, and possession of a stolen firearm.

¶ 11    The State then argued that the defendant should be denied pretrial release due to the distress his release would place upon the victim. The defendant was already on pretrial release with conditions when he committed the burglary, showing a "blatant disregard for court orders." The defendant's prior juvenile history showed multiple weapons charges. The State argued that the defendant is a threat to the community as well, due to the crime of burglary involving the invasion of the sanctity of one's home, instead of it being just a property crime. The State additionally argued that no condition or combination of conditions would address the threat the defendant poses, as he has already demonstrated by committing the present offense that he will not abide by the court's conditions.

¶ 12    The defendant proffered that he is 19 years old, has significant family ties to the area, and is self-employed at a retail store. He is not on probation, parole, or work release. The defendant argued that he is not a danger to the community because no one was hurt during the commission of the offense, and that no weapons were used. The defendant requested release on home confinement with electronic monitoring, allowing him to continue working.

¶ 13    The trial court considered the evidence presented and stated that the defendant does have significant ties to the area, he is young, and he is a business owner. However, at a young age, he already has a "considerable record as a juvenile" which includes weapon charges. The offense itself is a Class 1 felony, with a mandatory prison sentence of 4 to 15 years, which contributes to

4

a risk of flight even with home confinement. The trial court said that despite the previous conditions given to the defendant, he ignored the court's order and incurred two new offenses. The trial court found that no condition or combination of conditions would cause the defendant to abide by the court's orders to mitigate his threat against the public safety and granted the State's petition to detain.

¶ 14    The defendant filed a motion for relief and immediate pretrial release on July 23, 2025. The motion alleged that the trial court failed to consider the defendant's ties to the community, his employment opportunities, his willingness to abide by any terms of pretrial release, and that no weapon was used in the commission of the offense. The matter proceeded to a hearing on July 30, 2025.

¶ 15    During the hearing on the motion for relief, the defendant argued that the trial court failed to consider the elements listed in the motion. Specifically, he has significant family ties to the county, owns a local retail store, was not on probation, parole, or work release, and does not have a record of failure to appear. The defendant would submit to any conditions of release, including home confinement.

¶ 16    The State proffered that the defendant has two pending felony cases and was on pretrial release with conditions during the present offense. The defendant previously failed to appear in his other felony case. The State proceeded by proffer with the information presented at the original pretrial detention hearing. In addition to Officer Wilson's testimony, the State's proffer included additional witnesses who saw the defendant in the area and identified him to law enforcement.

¶ 17    The State argued that the defendant has a very recent juvenile criminal history and that he was on pretrial release at the time of the offense. The State maintained that there are no less restrictive conditions available that would mitigate the defendant's risk. The defendant specifically

5

poses a risk to Ramsey and those in the neighborhood. The State also proffered the facts from the defendant's other pending case, 24-CF-182, in which, during a shooting investigation, law enforcement discovered a controlled substance on the defendant.

¶ 18    The trial court denied the defendant's motion for relief, stating the same reasons as the original hearing.[1] The defendant timely appealed.

¶ 19                                II. ANALYSIS

¶ 20    OSAD did not file a memorandum but filed a notice in lieu of a Rule 604(h)(7) memorandum. "Issues raised in the motion for relief are before the appellate court regardless of whether the optional memorandum is filed." Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). Therefore, our review is limited to the issues raised by the defendant in his motion for relief.

¶ 21    In his motion for relief, the defendant argued that the State failed to meet its burden of proving by clear and convincing evidence that the proof was evident or a presumption great that the defendant committed a qualifying offense. The defendant first argued that the State failed to meet its burden of proof that he posed a real and present threat to the safety of any person or persons or the community. Lastly, the defendant argued that the State failed to meet its burden of proof that less restrictive conditions would not avoid the real and present threat to the safety of any person or the community.

¶ 22    Pretrial release—including the conditions related thereto—is governed by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). A defendant's pretrial release may be denied only in certain

---

[1]During this hearing, the State asked the trial court to enter an order on its petition to revoke pretrial release in case 24-CF-182 because no formal order was entered. The trial court granted the petition to revoke at the same time.

statutorily limited situations. 725 ILCS 5/110-6.1 (West 2024). Upon filing a timely, verified petition requesting denial of pretrial release, the State has the burden of proving by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The State or the defendant may present evidence to the trial court by way of proffer based upon reliable information. *Id.* § 110-6.1(f)(2). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the trial court concludes the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 23     Our standard of review of pretrial release determinations is twofold. Where the parties to a pretrial detention hearing proceed solely by proffer or submission of documentary evidence, this court stands in the same position as the trial court and may conduct its own independent review of the proffered evidence, thus reviewing the record *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54. However, where the trial court is asked to consider the testimony of live witnesses, and make factual findings, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously ordered conditions of pretrial release, our standard of review is the manifest weight of the evidence. *Id.* "A finding is against the manifest weight of the evidence only if the opposite

7

conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 24    We have thoroughly reviewed the record on appeal in this matter, including the initial detention hearing and the motion for relief hearing. The trial court heard testimonial evidence from the State that included the information from Ramsey, eyewitness accounts, and security footage of the defendant during the commission of the offense and immediately afterwards. Ramsey heard a noise from inside her house, saw the defendant approach her home, and then leave with tools that were previously inside her home. Security footage corroborated her account, as well as the other witnesses. The record indicates that the defendant's criminal history includes multiple weapon-related charges. While all his offenses were juvenile cases, the defendant is only 19 years old and has two other pending cases. As the trial court correctly noted, the defendant was on pretrial release during the commission of this offense, which included the condition of not violating any laws. The trial court did consider the elements listed in the defendant's motion for relief to his favor during the hearings, but ultimately decided they did not outweigh the risk factors. The trial court stated to the defendant:

> "Even though you are 19, you've racked up a considerable record as a juvenile, and you are starting to work on it as an adult, as well.
>
> Several things I must consider, in addition to your criminal history, which is extensive and does involve some weapons charges which is concerning, is the seriousness of the offense alleged here that we're here on today, which is residential burglary. ***
>
> ***
>
> Additionally, and in my opinion more importantly, there is the fact that you were on pretrial release conditions on 24-CF-182 on a possession of controlled substance charge.

8

*** But you were on pretrial conditions, and that is a court order and that means what it says, and one of the things it says is that you do not violate the law."

¶ 25 Based on these facts, the trial court found that no condition or combination of conditions, including home confinement and electronic monitoring, could reasonably mitigate the danger the defendant posed to the victim and the community. An opposite conclusion is not clearly evident or the finding itself is not unreasonable, arbitrary, or not based on the evidence presented. Therefore, we find that the trial court's decision to detain the defendant was not against the manifest weight of the evidence. *Morgan*, 2025 IL 130626, ¶¶ 38, 43.

¶ 26                                    III. CONCLUSION

¶ 27 For the above reasons, we affirm the trial court of Jefferson County.

¶ 28 Affirmed.